**EPSTEIN DRANGEL LLP**
Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: 310-356-4668
Facsimile: 310-388-1232
*Attorneys for Plaintiff Fear of God, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| FEAR OF GOD, LLC, <br> *Plaintiff* <br><br> v. <br><br> GRASAGER LLC; GRASAGER SHOP INC.; and ANGEL SEBASTIAN PANIAGUA <br> *Defendants* | CASE NO. 2:26-cv-5035 <br><br> **COMPLAINT FOR:** <br><br> Trademark Infringement/Counterfeiting <br><br> L.R. 83-11.3 - SEEKING STATEWIDE OR NATIONWIDE RELIEF <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Fear of God, LLC ("Plaintiff" or "Fear of God"), a California corporation, by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1.    This case involves claims for trademark infringement of Plaintiff's federally registered trademarks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114; counterfeiting of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d); false designation of origin, passing off and unfair

competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and related state and common law claims, arising from Defendants Grasager LLC's ("Grasager LLC"), Grasager Shop Inc.'s ("Grasager Shop") and Angel Sebastian Paniagua's ("Paniagua") (collectively, "Defendants") infringement of the FEAR OF GOD Trademarks (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, counterfeit and infringing versions of Plaintiff's Fear of God Products (as defined *infra*).

## JURISDICTION AND VENUE

2.        This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121, as an action arising out of violations of the Lanham Act, 15 U.S.C. § 1051 *et seq*.; and 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this action as to form part of the same case or controversy.

3.        This Court has general and/or specific personal jurisdiction over Defendants because, upon information and belief, Paniagua is an individual residing within the State of California, with his principal place of business and residence in this judicial district; Grasager LLC is a limited liability company organized and existing under the laws of the State of California; Grasager Shop is a corporation organized and

existing under the laws of California; both Grasager LLC and Grasager Shop maintain places of business in this judicial district; and all Defendants conduct business, on a continuous and systematic basis, throughout the State of California and in this judicial district, and/or otherwise avail themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

4. Venue for this action is proper in the United States District Court for the Central District of California, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants reside in this judicial district and/or a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and harm to Plaintiff has occurred in this district. Alternatively, as noted *supra*, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5. Fear of God is a limited liability company that is organized and existing under the laws of the State of California, with an address of 3940 Laurel Canyon Blvd., No. 427, Studio City, California 91604.

6. Upon information and belief, Grasager LLC is a California limited liability company, with its principal place of business at 12900 Garden Grove Blvd., Suite 244, Garden Grove, California 92843, and a mailing address of 10929 Firestone Blvd., #105, Norwalk, California 90650.

7. Upon information and belief, Grasager Shop is a California corporation,

with its principal place of business at 4137 Rosemead Blvd., Pico Rivera, California 90660 (the "Grasager Shop Location").

8.      Upon information and belief, Paniagua is an individual, places of business at the Grasager Shop Location, 12900 Garden Grove Blvd., Suite 244, Garden Grove, California 92843, and/or 10929 Firestone Blvd., #105, Norwalk, California 90650, and who is believed to reside at 4121 Rosemead Blvd., Apt. A, Pico Rivera, California 90660.

9.      Paniagua is listed with the California Secretary of State as a Manager of Grasager LLC, and the Chief Executive Officer, Chief Financial Officer, and Secretary of Grasager Shop.

10.      At all times relevant hereto, Paniagua directed, controlled, directly participated in, and has been otherwise responsible for, all aspects of Grasager LLC's and Grasager Shop's operations, including the design, implementation, and audit of strategies for the research and development, marketing and advertisement, distribution, sales, customer service divisions, and manufacture of the Counterfeit Products (as defined *infra*), as well as the operation of both entities. Paniagua's intentional unlawful acts and personal participation in the wrongful conduct underlying this action deprive him of any protection he might otherwise have for his personal liability under the corporate shield doctrine, or otherwise.

11.      Upon information and belief, in connection with the manufacturing, marketing, advertising, promotion, distribution and sale of the Counterfeit Products,

-3-
COMPLAINT

Paniagua has exercised complete dominion and control over Grasager LLC and Grasager Shop such that each are his alter ego, shams, façades, and mere instrumentalities for his personal benefit, and he has disregarded and abused the corporate form and structure of both Grasager LLC and Grasager Shop.

12.    Upon information and belief, Paniagua is a moving and conscious force behind the infringement that is the subject of this lawsuit.

13.    Upon information and belief, since the time of its creation, now, and at all times relevant to this Complaint, such a unity of interest and ownership existed, and currently exists, between and among Grasager LLC, Grasager Shop, and Paniagua such that separate personalities did not, and do not, in reality exist.

## GENERAL ALLEGATIONS

### Plaintiff and Its Well-Known Fear of God Products

14.    Fear of God is an apparel company that was started by Jerry Lorenzo in 2013, specializing in the sale of high-end streetwear and accessories displaying the FEAR OF GOD trademark.

15.    The Fear of God brand quickly developed a following among celebrities including Kanye West, Rihanna, Kendall Jenner, and Travis Scott.

16.    The Fear of God brand is famous in the United States and around the world for high-quality products that seamlessly blend innovation with style.

17.    Fear of God introduced its Fear of God Essentials line of more casual and accessible apparel and footwear items in 2017. Like the original Fear of God main line, the Fear of God Essentials line has been wildly popular and is sold throughout the

world.

18.     Fear of God's  clothing and accessories (the "Fear of God Products") are inspired by a luxe sensibility that appeal not only to its traditional customer base, but also to the consuming public at large. Images of true and correct examples of the Fear of God Products are attached hereto as **Exhibit A** and incorporated herein by reference.

19.     Jerry Lorenzo and the Fear of God brand have a distinguished history within streetwear and fashion that has been widely reported throughout the world. For example, *GQ* chronicled the story of Jerry Lorenzo and Fear of God in an article entitled, "How Fear of God is Reinventing Luxury American Fashion," and noted that "Jerry Lorenzo's label made him a king of streetwear, but his new collection is something different. Suddenly, his goal of being the next Ralph Lauren is in sight."[1] Similar articles about Jerry Lorenzo and Fear of God have been published by *Harper's Bazaar*, *Vogue*, *Esquire*, and *The New York Times*.

20.     Fear of God carefully plans and curates its design collections each season to provide its customers with unique Fear of God Products.

21.     Fear of God has partnered with many prominent global brands in highly publicized collaborations, including those with Adidas, Zegna, Nike, Converse, New Era, and Vans.

22.     Fear of God Products are distributed and sold to consumers throughout

the United States, including in California, through authorized retailers and the fearofgod.com website.

23.    Plaintiff incorporates a variety of distinctive marks in the design of its various Fear of God Products. As a result of its long-standing use, Plaintiff owns common law trademark rights in its trademarks.

24.    Plaintiff has also registered its trademarks with the United States Patent and Trademark Office. Fear of God Products typically include at least one of Plaintiff's registered trademarks. Plaintiff uses its trademarks in connection with the marketing of its Fear of God Products, including the following marks which are collectively referred to as the "FEAR OF GOD Trademarks."

| Registration No. | Trademark |
| --- | --- |
| 5,696,924 | FEAR OF GOD |
| 6,380,624 | FEAR OF GOD ESSENTIALS |
| 6,380,625 | FEAR OF GOD ESSENTIALS |
| 6,810,494 | ESSENTIALS FEAR OF GOD |

True and correct copies of the registration certificates for the FEAR OF GOD Trademarks are attached hereto as **Exhibit B** and incorporated herein by reference

(...Continued)

[1] *See* Zach Baron, *How Fear of God Is Reinventing Luxury American Fashion*, GQ (Oct. 22, 2020), https://www.gq.com/story/jerry-lorenzo-fear-of-god-profile.

(collectively, the "FEAR OF GOD Registrations").

25. The FEAR OF GOD Registrations are valid, subsisting, and in full force and effect.

26. The FEAR OF GOD Trademarks have been used exclusively and continuously by Plaintiff, and have never been abandoned. The FEAR OF GOD Registrations constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the FEAR OF GOD Trademarks pursuant to 15 U.S.C. § 1057(b).

27. The FEAR OF GOD Trademarks are exclusive to Plaintiff and are displayed extensively on Fear of God Products and in Plaintiff's marketing and promotional materials. The Fear of God brand is among the most popular streetwear lines in the world and has been extensively promoted and advertised at great expense.

28. In fact, Plaintiff has expended substantial time, money, and other resources in advertising, promoting, and marketing featuring the FEAR OF GOD Trademarks. The Fear of God Products have also been the subject of extensive unsolicited publicity resulting from their stylish, high-quality, and innovative designs.

29. Additionally, Plaintiff owes a substantial amount of the success of the Fear of God Products to its consumers and word-of-mouth buzz that its consumers have generated.

30. Because of the aforementioned and other factors, the Fear of God brand and the FEAR OF GOD Trademarks have become famous throughout the United States and around the world.

31.    The FEAR OF GOD Trademarks are distinctive when applied to the Fear of God Products, signifying to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's quality standards. The FEAR OF GOD Trademarks have achieved tremendous fame and recognition which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the FEAR OF GOD Trademarks is of incalculable and inestimable value to Plaintiff.

32.    Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the FEAR OF GOD Trademarks. As a result, products bearing the FEAR OF GOD Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. Plaintiff is a multi-million-dollar operation and its Fear of God Products have become among the most popular of their kind in the world.

33.    Plaintiff has gone to great lengths to protect its interests in the Fear of God Products and the FEAR OF GOD Trademarks. No one other than Plaintiff and its authorized licensees and distributors are authorized to manufacture, import, export, advertise, offer for sale or sell any goods utilizing the FEAR OF GOD Trademarks, or use the FEAR OF GOD Trademarks in connection with goods or services or otherwise, without the express permission of Plaintiff.

**Defendants' Wrongful and Infringing Conduct**

-8-
COMPLAINT

34.     In light of Plaintiff's success with its Fear of God Products, Plaintiff and its Fear of God Products have become targets for unscrupulous individuals and entities, who wish to take a free ride on the goodwill, reputation and fame Plaintiff has amassed in its FEAR OF GOD Trademarks and Fear of God Products.

35.     Plaintiff investigates and enforces against such activity, and through such efforts, learned of Defendants' actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling products bearing one or more of the FEAR OF GOD Trademarks and/or marks that are confusingly similar thereto (collectively hereinafter referred to as, "Counterfeit Products") to U.S. consumers, including those located in the State of California, and/or using the FEAR OF GOD Trademarks and/or marks that are confusingly similar thereto in connection therewith.

36.     More specifically, recently, Plaintiff received information from investigators hired by Plaintiff's counsel ("Plaintiff's Investigators") about an ongoing investigation into one or more of the Defendants for importing, distributing and selling counterfeit products, thereby infringing the rights of multiple rights holders.

37.     Plaintiff's Investigators visited the Grasager Shop Location on multiple occasions.

38.     On or about March 26, 2026, deputies from the Los Angeles County Sheriff's Department served a search warrant at the Grasager Shop Location and arrested Paniagua. With the assistance of Plaintiff's Investigators, the Los Angeles

County Sheriff's Department seized two hundred sixty-two (262) Counterfeit Products from the Grasager Shop Location, including hoodies, pants, shirts, and shorts. True and correct photographs of examples of the Counterfeit Products seized are attached hereto as **Exhibit C** and incorporated herein by reference.

39. The Counterfeit Products seized at the Grasager Shop Location have been confirmed as counterfeit and infringe Plaintiff's FEAR OF GOD Trademarks.

40. Defendants' Counterfeit Products are nearly indistinguishable from Plaintiff's Fear of God Products, with only minor variations that no ordinary consumer would recognize.

41. By way of example, a side-by-side comparison of an example of one of Defendants' Counterfeit Products, to the relevant Fear of God Product, which appears below, evidences the deliberate nature of Defendants' conduct:

| **Counterfeit Product Example** | **Fear of God Product Example** |
|---|---|
|  | |

42. The above Counterfeit Products are virtually identical to the Fear of God Products, and conspicuously bear marks that are identical or, at the very least, confusingly similar to one or more of the FEAR OF GOD Trademarks. Accordingly, the willful nature of Defendants' conduct is without question.

43. Neither Plaintiff nor any authorized agents of Plaintiff have consented to Defendants' use of Plaintiff's FEAR OF GOD Trademarks, or any marks that are identical or confusingly similar thereto.

44. By Defendants' dealing in Counterfeit Products (including, without limitation, manufacturing, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Counterfeit Products), Defendants have violated Plaintiff's exclusive rights in the FEAR OF GOD Trademarks, and have used marks that are confusingly similar to, identical to and/or constitute infringement thereof in order to confuse consumers into believing that Defendants' Counterfeit Products are Fear of God Products and/or that Defendants are affiliated with Plaintiff, and aid in the promotion of Defendants' business and their sales of Counterfeit Products.

45. Defendants' conduct began long after Plaintiff's adoption and use of the FEAR OF GOD Trademarks, after Plaintiff obtained the FEAR OF GOD Registrations, and after the Fear of God Products and FEAR OF GOD Trademarks became well-known to the purchasing public.

46.     Prior to and contemporaneous with their infringing actions alleged herein, Defendants had actual knowledge of Plaintiff's ownership of its FEAR OF GOD Trademarks, of the fame and incalculable goodwill associated therewith, and of the popularity and success of the Fear of God Products, and in bad faith adopted the FEAR OF GOD Trademarks.

47.     Defendants have been engaging in the illegal and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff, the Fear of God Products and/or FEAR OF GOD Trademarks.

48.     Defendants' infringing actions, as alleged herein, have caused, and will continue to cause, confusion, mistake, economic loss and have deceived, and will continue to deceive consumers, the public, and the trade with respect to the source or origin of Defendants' Counterfeit Products, thereby causing consumers to erroneously believe that such Counterfeit Products are licensed by or otherwise associated with Plaintiff, and damaging Plaintiff.

49.     In engaging in these actions, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed and counterfeited Plaintiff's FEAR OF GOD Trademarks; committed unfair competition; and unfairly profited from such

-12-
COMPLAINT

activity at Plaintiff's expense. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION

FIRST CAUSE OF ACTION
**(Trademark Counterfeiting)**
**[15 U.S.C. § 1114(1)(b)/Lanham Act § 32; 15 U.S.C. § 1116(d)/Lanham Act § 34; 15 U.S.C. § 1117(b)-(c)/Lanham Act § 35]**

50.      Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

51.      Plaintiff is the exclusive owner of all right and title to the FEAR OF GOD Trademarks.

52.      Plaintiff has continuously used the FEAR OF GOD Trademarks in interstate commerce since on or before the dates of first use as reflected in the registration certificates attached hereto as **Exhibit B**.

53.      Without Plaintiff's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in its FEAR OF GOD Trademarks and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the FEAR OF GOD Trademarks and/or used spurious designations that are identical with, or indistinguishable from, the FEAR OF GOD Trademarks on or in connection with the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

54.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiff, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the FEAR OF GOD Trademarks through their participation in such activities.

55.     Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the FEAR OF GOD Trademarks to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, thereby making substantial profits and gains to which they are not entitled in law or equity.

56.     Defendants' unauthorized use of the FEAR OF GOD Trademarks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff or its authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the FEAR OF GOD Trademarks.

57.    Defendants' actions constitute willful counterfeiting of the FEAR OF GOD Trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

58.    As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, its reputation and its valuable rights in and to the FEAR OF GOD Trademarks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable FEAR OF GOD Trademarks.

59.    Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### (Infringement of Registered Trademarks)
### [15 U.S.C. § 1114/Lanham Act § 32(a)]

60.    Plaintiff repleads and incorporates by reference each and every allegation

set forth in the preceding paragraphs as if fully set forth herein.

61.     Plaintiff has continuously used the FEAR OF GOD Trademarks in interstate commerce since on or before the dates of first use, as reflected in the certificates of registration attached hereto as **Exhibit B**.

62.     Plaintiff, as the owner of all rights, title and interest in and to its FEAR OF GOD Trademarks has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

63.     Upon information and belief, Defendants were, at the time they engaged in their illegal actions as alleged herein, actually aware that Plaintiff is the owner of the FEAR OF GOD Registrations for the FEAR OF GOD Trademarks.

64.     Defendants did not seek and thus, inherently failed to obtain consent or authorization from Plaintiff, as the registered trademark owner of the FEAR OF GOD Trademarks, to use the FEAR OF GOD Trademarks and/or marks that are confusingly similar thereto, and/or deal in and commercially manufacture, advertise, market, promote, distribute, display, offer for sale and/or sell Counterfeit Products and/or related products bearing the FEAR OF GOD Trademarks into the stream of commerce.

65.     Defendants knowingly and intentionally used one or more of the FEAR OF GOD Trademarks, or marks that are confusingly similar thereto, in connection with Defendants' manufacturing, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

66.     Defendants' egregious and intentional use of the FEAR OF GOD

Trademarks and/or marks that are confusingly similar thereto in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of Defendants' Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are Fear of God Products or that Defendants' Counterfeit Products are otherwise associated with, or authorized by, Plaintiff.

67.     Defendants' actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the FEAR OF GOD Trademarks, as well as with bad faith and the intent to cause confusion, mistake and deception.

68.     Defendants' continued knowing, and intentional use of the FEAR OF GOD Trademarks and/or marks that are confusingly similar thereto without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered FEAR OF GOD Trademarks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

69.     As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the FEAR OF GOD Trademarks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable FEAR OF GOD

-17-
COMPLAINT

Trademarks.

70. Based on Defendants' actions, as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(False Designation of Origin & Unfair Competition)**
**[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]**

71. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

72. Plaintiff, as the owner of all right, title and interest in and to the FEAR OF GOD Trademarks, has standing to maintain an action for false designation of origin and unfair competition under the Lanham Act § 43(a) (15 U.S.C. § 1125).

73. The FEAR OF GOD Trademarks are inherently distinctive and/or have acquired distinctiveness.

74. Defendants knowingly and willfully used in commerce products, and marketing and promotional materials, utilizing the FEAR OF GOD Trademarks and/or marks that are confusingly similar thereto, and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacture, advertisement, marketing, promotion, distribution,

display, offering for sale and/or sale of Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Counterfeit Products are Fear of God Products or related products, and/or that Defendants' Counterfeit Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff and/or that Defendants are affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of such Counterfeit Products, allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, the FEAR OF GOD Trademarks, to Defendants' substantial profit in blatant disregard of Plaintiff's rights.

75. By manufacturing, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products that are identical and/or confusingly similar to the Fear of God Products using the FEAR OF GOD Trademarks and/or marks that are confusingly similar thereto, Defendants have traded off the extensive goodwill of Plaintiff and its Fear of God Products and did in fact induce, and intends to, and will continue to induce customers to purchase Defendants' Counterfeit Products, thereby directly and unfairly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff and its Fear of God Products, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

76.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of the FEAR OF GOD Trademarks and/or marks that are confusingly similar thereto would cause confusion, mistake or deception among purchasers, users and the public.

77.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation Plaintiff, its Fear of God Products and FEAR OF GOD Trademarks.

78.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its Fear of God Products and by depriving Plaintiff of the value of its FEAR OF GOD Trademarks as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of the same.

79.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and

reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Unfair Competition)
### [Cal. Bus. & Prof. Code § 17200]

80.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

81.     California Business and Professions Code § 17200, *et seq.*, states that unfair competition shall mean and include any "unlawful, unfair or fraudulent business act or practice."

82.     Defendants' unlawful and improper actions, as set forth above, are likely to cause confusion, mistake, and/or deception as to the source, origin, and/or sponsorship of Defendants' Counterfeit Products, and to falsely mislead consumers into believing that the Counterfeit Products themselves, are those of, affiliated with, and/or approved by Plaintiff.

83.     Accordingly, Defendants' unauthorized use of the FEAR OF GOD Trademarks and/or marks that are confusingly similar thereto constitutes unfair competition in violation of California Business and Professionals Code § 17200, *et seq.*

84.     Defendants' acts of unfair competition have caused Plaintiff to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

85.     In light of the foregoing, Plaintiff is entitled to an injunction under

California Business and Professions Code § 17200 *et seq.* restraining Defendants from engaging in further such unlawful conduct, as well as to restitution of those amounts unlawfully obtained by Defendants through their wrongful conduct.

## FIFTH CAUSE OF ACTION
### (Unfair Competition)
### [California Common Law]

86. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

87. By using the FEAR OF GOD Trademarks and/or marks that are confusingly similar thereto and/or manufacturing, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of Plaintiff and its Fear of God Products to induce, and did induce and intends and will continue to induce, customers to purchase their Counterfeit Products, thereby directly competing with Plaintiff and engaging in unfair competition in violation of the common law of the State of California. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its nationwide marketing, advertising, sales, and consumer recognition.

88. Defendants' use of the FEAR OF GOD Trademarks and/or marks that are confusingly similar thereto and their advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Counterfeit Products was

and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendants' Counterfeit Products.

89.     Defendants knew, or by the exercise of reasonable care should have known, that their use, and continued use of the FEAR OF GOD Trademarks and/or marks that are confusingly similar thereto and their advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Counterfeit Products  would cause confusion and mistake, or deceive purchasers, users, and the public.

90.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff and its competitive position while benefiting Defendants.

91.     As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its Fear of God Products, and of the value of its FEAR OF GOD Trademarks as commercial assets, in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law.

92.     As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for

Defendants' intentional misconduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants, inclusive and each of them, as follows:

A. For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages, and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B. In the alternative to Defendants' profits and Plaintiff's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which Plaintiff may elect prior to the rendering of final judgment;

C. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial and such other compensatory damages as the Court

determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for Defendants' willful trademark infringement of Plaintiff's federally registered FEAR OF GOD Trademarks, their infringement of the unregistered FEAR OF GOD Trademarks and for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

D. For restitution of those amounts unlawfully obtained by Defendants through their illegal and infringing conduct, as alleged herein, pursuant to California Business and Professionals Code § 17200;

E. For damages to be proven at trial for common law unfair competition;

F. For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

    ii. directly or indirectly infringing in any manner any of the FEAR OF GOD Trademarks;

    iii. using any reproduction, counterfeit, copy or colorable imitation of

the FEAR OF GOD Trademarks, or any marks that are confusingly similar thereto, to identify any goods or services not authorized by Plaintiff;

iv.  using any of Plaintiff's trademarks, including, without limitation, the FEAR OF GOD Trademarks, or any marks that are confusingly similar thereto, on or in connection with Defendants' manufacture, advertisement, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in Counterfeit Products;

v.  using any false designation of origin or false description, or engaging in any action that is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection, origin or association of any product manufactured, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants with Plaintiff and/or as to the sponsorship or approval of any product manufactured, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants and Defendants' commercial activities by Plaintiff;

vi.  engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the use of the FEAR OF GOD Trademarks and the

-26-
COMPLAINT

advertising of and/or dealing in any Counterfeit Products;

vii.   engaging in any other actions that constitute unfair competition with Plaintiff;

viii.   engaging in any other act in derogation of Plaintiff's rights;

ix.   secreting, destroying, altering, removing, or otherwise dealing with the Counterfeit Products or any books or records that contain any information relating to the manufacture, advertisement, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products;

x.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this action; and

xi.   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above; and

G. For an order of the Court requiring that Defendants deliver up to Plaintiff for destruction any and all Counterfeit Products and any and all advertising and promotional materials in the possession, custody or control of Defendants that infringe or bear the FEAR OF GOD Trademarks, or any marks that are confusingly similar thereto;

H. For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacture, advertisement, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in the Counterfeit Products as described herein, including prejudgment interest;

I. For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiff;

J. For an award of exemplary or punitive damages in an amount to be determined by the Court;

K. For Plaintiff's reasonable attorneys' fees;

L. For all costs of suit; and

M. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims so triable.

Dated: May 8, 2026                    Respectfully submitted,

                                      **EPSTEIN DRANGEL LLP**


                                      BY: /s/ Peter Farnese
                                      Peter J. Farnese
                                      *Attorneys for Plaintiff Fear of God, LLC*